**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**GRANT WALKER, et al.,**

     **Plaintiffs,**


**v.**


**MONSANTO COMPANY PENSION PLAN,
et al.,**

     **Defendants.**         **Case No. 04-cv-436-DRH**

         **Consolidated With:**     **Case No. 06-cv-139-DRH**

         **Case No. 06-cv-3-DRH**

         **Case No. 05-cv-736-DRH**


## ORDER

       This matter is before the Court on the Motion to Stay Counts VII, VIII, and IX of the Consolidated Class Action Complaint brought by Plaintiffs Grant Walker, Edward Zeringue, Richard W. Drake, Glynn Davis, Eugene Forneris, Juanita Hammond, Fred Donaldson, Albert Walter III, Mary Clawson, Sandra Bellon, Audrey Sokoloski, and Carol Thomas in these consolidated actions (Doc. 144).  Plaintiffs request a stay of a few months' duration pending resolution by the Supreme Court of the United States of a petition for writ of certiorari regarding the decision of the United States Court of Appeals for the Seventh Circuit in *Cooper v. IBM Personal Pension Plan*, 457 F.3d 636 (7th Cir. 2006).  In *Cooper* the court held of course that claims of age discrimination in the payment of pension benefits substantially

identical to the age-discrimination claims asserted in Counts VII-IX of the operative complaint in this case are not actionable under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), governing age discrimination by defined benefit plans, specifically ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i). *See* 457 F.3d at 638-42.

The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). The decision to grant a stay is committed to a court's discretion, *see Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006), though that discretion must be exercised consistently with principles of fairness and judicial economy. *See Walker*, 2005 WL 1565839, at *2 (citing *Board of Trs. of Teachers' Ret. Sys. of State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002)).

In this instance, although Defendants Monsanto Company Pension Plan, Monsanto Company, Pharmacia Cash Balance Pension Plan, Pharmacia Corporation, Pharmacia & Upjohn Company, Pfizer, Inc., and Solutia Inc. Employees' Pension Plan have filed a brief in opposition to the requested stay, they have not shown, and the Court cannot fathom, how the requested stay could cause them any prejudice. Such stays are entered quite routinely, *see, e.g., Coombs v. Diguglielmo*, No. Civ.A.

04-1841, 2004 WL 1631416, at **1-2 (E.D. Pa. July 21, 2004); *Peaceable Planet, Inc. v. Ty, Inc.*, No. 01 C 7350, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004), and in fact, as Plaintiffs point out, have been entered by the Court in other ERISA cases presenting the same issues with respect to alleged age discrimination under ERISA as this case presents. *See Chamberlain v. US Bancorp Cash Balance Ret. Plan*, Civil No. 04-841-DRH (S.D. Ill. Aug. 29, 2006) (order extending stay). Finally, Defendants' suggestion that the Court, instead of granting the requested stay, should dismiss Plaintiffs' age-discrimination claims sua sponte with prejudice obviously is mistaken.  Sua sponte dismissals of claims are not favored in this Circuit. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1185 (7th Cir. 1989); *Shockley v. Jones*, 823 F.2d 1068, 1072-73 (7th Cir. 1987); *Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 414-15 (7th Cir. 1986).  Therefore, the Court will not dismiss Plaintiffs' age-discrimination claims save upon an appropriate motion by Defendants.

To conclude, Plaintiffs' Motion to Stay Counts VII, VIII, and IX of the Consolidated Class Action Complaint is **GRANTED** (Doc. 144).  Counts VII-IX of the operative complaint in this cause are **STAYED** pending resolution of a petition for writ of certiorari in the *Cooper* case.  Plaintiffs are **ORDERED** to advise the Court promptly, via written notice, upon disposition of the petition for writ of certiorari in *Cooper*.  The remaining counts of Plaintiffs' operative complaint, e.g., other than Counts VII-IX, will continue to proceed according to the current scheduling order in

this case.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

/s/      David   RHerndon
**United States District Judge**