UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRANT WALKER, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MONSANTO COMPANY PENSION PLAN, et al.,<br><br>　　　　　Defendants. | Case No. 04-cv-436-JPG<br><br>Consolidated with:<br>Case No. 05-cv-736-JPG<br>Case No. 06-cv-3-JPG<br>Case No. 06-cv-139-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on the following motions: the motion to dismiss for failure to join a necessary and indispensable party brought by Defendant Solutia, Inc., Employees' Pension Plan ("the Solutia Plan") (Doc. 145); the motion to dismiss for failure to exhaust administrative remedies brought by the Solutia Plan (Doc. 147); the motion to dismiss for failure to join a party needed for just adjudication brought by Defendants Monsanto Company Pension Plan and Monsanto Company ("the Monsanto Defendants") (Doc. 149); and the motion to reconsider brought by the Solutia Plan (Doc. 155).

As has been discussed in prior orders in this cause, the matter before the Court involves consolidated putative class actions against three related employee benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. The operative complaint by Plaintiffs Grant M. Walker, Edward Zeringue, Richard W. Drake, Glynn Davis, Eugene Forneris, Juanita Hammond, Fred Donaldson, Albert Walter, III, Mary Clawson, Sandra Bellon, Audrey Sokoloski, and Carol Thomas alleges that the plans violate the statute in essentially three ways. First, Plaintiffs allege, the plans violate ERISA § 204(b)(1)(H)(i), 29

U.S.C. § 1054(b)(1)(H)(i), which prohibits a defined benefit plan from causing any cessation or reduction in the rate at which an employee accrues benefits on account of age.  Second, Plaintiffs allege, the plans are backloaded, that is, they violate the provisions of ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B), which prohibit defined benefit plans from establishing minimum accrual rates that cause a participant's benefits to accrue very slowly until the participant is near retirement age.  Third, Plaintiffs allege, one of the subject plans, the Monsanto Company Pension Plan, pays interest on late benefit payments at a rate lower than that specified in the plan document.

The Court turns first to the Solutia Plan's request for dismissal of Plaintiffs' age-discrimination and backloading claims against the plan on grounds of failure to exhaust administrative remedies.  "The text of 29 U.S.C. § 1132, providing for civil actions to redress violations of ERISA, does not address whether a claimant must exhaust her administrative remedies before filing suit in federal court."  *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 807 (7th Cir. 2000).  *See also Call v. Ameritech Mgmt. Pension Plan*, No. Civ. 01-717-GPM, 2004 WL 483199, at *3 (S.D. Ill. Mar. 10, 2004).  However, in light of ERISA § 503, 29 U.S.C. § 1133, directing employee benefit plans to provide adequate written notice of the reasons for denials of claims by plan participants and to create procedures for the review of such denials of claims, this Circuit interprets ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute.  *See Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991).  "[T]he decision to require exhaustion as a prerequisite to bringing suit is a matter within the discretion of the trial court . . . . [T]his determination will only be disturbed on appeal if the lower court has clearly abused its discretion – in other words, if the lower court's decision 'is obviously in error.'"

2

*Salus v. GTE Directories Serv. Corp.*, 104 F.3d 131, 138 (7th Cir. 1997) (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)).  An ERISA plaintiff's failure to exhaust administrative remedies may be excused where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile.  *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996); *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 658-59 (7th Cir. 1992).

Previous orders in this case have held that Plaintiffs' claims of age discrimination and backloading are not subject to exhaustion.  As those orders have explained, it is undisputed that the benefits of Plaintiffs and the proposed class have been calculated in accordance with the express terms of the relevant plan documents, and thus the Court fails to see what administrative remedy is available under the terms of those plans.  *See Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d 853, 860 (S.D. Ill. 2006) (citing *Costantino v. TRW, Inc.*, 773 F. Supp. 34, 44 (N.D. Ohio 1991)) (declining to order exhaustion of administrative remedies as to age-discrimination and backloading claims against one of the Defendants in this case, where the plan document afforded no administrative remedy).  The policies underlying ERISA's exhaustion requirement are to provide a mechanism for informal dispute resolution, to shield the discretion of plan administrators from excessive judicial interference, and to develop an administrative record that will provide useful factual background in litigation regarding plan benefits.  *See id.* at 859-60 (citing, inter alia, *Janowski v. International Bhd. of Teamsters Local No. 710 Pension Fund*, 673 F.2d 931, 935 (7th Cir. 1982)).  The age-discrimination and backloading claims asserted in this case involve questions of law concerning the interpretation of ERISA that the Court, rather than the administrators of the relevant plans, is in the best position to decide, and

that are best resolved, in the Court's view, through classwide adjudication, not piecemeal through administrative proceedings.  *See id.* at 860-61.

The previous decisions in this case declining to order of exhaustion of administrative remedies as to the age-discrimination and backloading claims asserted in earlier complaints in this case establish, of course, the law of the case.  "[T]he phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, . . . expresses the practice of courts generally to refuse to reopen what has been decided." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  Put another way, "[t]he doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit."  *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995).  "The law of the case doctrine . . . is not an immutable concept," *Walsh v. Mellas*, 837 F.2d 789, 796 (7th Cir. 1988), and it is not required to be followed where certain "exceptional circumstances" are present, as when new evidence mandates a ruling contrary to a prior order, controlling authority rendered since a court's original decision requires reconsideration of an order, or a prior decision in a case "was clearly erroneous, and would work a substantial injustice" if allowed to stand.  *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir. 1989). Nevertheless, the presumption created by the law of the case, though only a presumption, "is not to be lightly disregarded," *Shakman v. Dunne*, 829 F.2d 1387, 1393 (7th Cir. 1987), and the law-of-the-case doctrine "should be applied unless unusual circumstances or a compelling reason render it inapplicable."  *Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 231 (7th Cir. 1988). *Cf. United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996) (quoting *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967)) (the law-of-the-case doctrine "creates a strong presumption of finality within the case, resting 'on the salutary and sound public policy

that litigation should come to an end.'"). Because the Solutia Plan has presented no compelling reason for the Court to depart from earlier rulings in this case that Plaintiffs' age-discrimination and backloading claims are unsuitable for exhaustion of administrative remedies, the Court in its discretion declines to order exhaustion of administrative remedies as to those claims.[1]

The Court turns next to the Solutia Plan's motion for reconsideration of the Court's order entered September 27, 2006, holding that the sponsor of the Solutia Plan, Solutia, Inc., ("Solutia") is not a mandatory party to this action within the meaning of Rule 19 and Rule 12(b)(7) of the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure contain express provisions governing reconsideration of final orders and judgments, reconsideration of interlocutory decisions "is a matter of a district court's inherent power." *Koelling v. Livesay*, 239 F.R.D. 517, 519 (S.D. Ill. 2006). *See also Canon U.S.A, Inc. v. Nippon Liner Sys., Ltd.*, No. 90C 7350, 1992 WL 137406, at *1 (N.D. Ill. June 2, 1992); *Giguere v. Vulcan Materials Co.*, No. 87 C 7043, 1988 WL 107387, at *4 (N.D. Ill. Oct. 13, 1988). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Reconsideration of an interlocutory order may be granted where: "the court has misunderstood a party; the court has made a decision outside the adversarial issues

---

1. Although the Court in its discretion declines to order exhaustion of administrative remedies as to Plaintiffs' claims for alleged age discrimination in violation of ERISA, Plaintiffs acknowledged at the status conference conducted in this case on July 25, 2007, that those claims are due to be dismissed under *Cooper v. IBM Personal Pension Plan*, 457 F.3d 636 (7th Cir. 2006). Accordingly, the Court will not order Plaintiffs to exhaust administrative remedies as to their age-discrimination claims and instead will dismiss those claims upon the filing of an appropriate motion to dismiss by Defendants.

presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (collecting cases).

Reconsideration of an interlocutory order is committed to a court's sound discretion. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006); *IMI Norgren, Inc. v. D & D Tooling & Mfg., Inc.*, No. 00 C 5789, 2003 WL 40499, at *2 (N.D. Ill. Jan. 6, 2003); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Further, "[m]otions for reconsideration generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson*, 470 F. Supp. 2d at 913). *See also Automatic Liquid Packaging, Inc. v. Dominik*, No. 86 C 5595, 1987 WL 26149, at *1 (N.D. Ill. Dec. 2, 1987). This is because, "[i]n general, a district court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'" *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074 (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). *See also Asllani v. Board of Educ. of City of Chicago*, 845 F. Supp. 1209, 1226 (N.D. Ill. 1993) (noting that, as a rule, motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

The Court's previous determination that Solutia is not a mandatory party to this action is, as discussed, the law of the case, from which the Court should not depart absent a compelling

reason to do so and, in the Court's view, the Solutia Plan has demonstrated no such compelling reason. The gist of the Solutia Plan's argument for mandatory joinder of Solutia remains that, in the event a judgment is entered against the plan, Solutia may be required, as the plan sponsor, to pay it. The Court remains persuaded that the issue of joiner of Solutia is controlled by the settled rule in both contract and tort that a mere obligation to pay money in the event of a judgment does not mandate joinder of a party under Rule 19. *See, e.g., Rhone-Poulenc, Inc. v. International Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995) ("A victim of wrongdoing is not generally required to sue all the wrongdoers. Certainly not in a tort case, where the rule of joint and several liability reigns; and not in a contract case either."); *Microcomputer Workshops Corp. v. Mindscape, Inc.*, No. 89 C 2188, 1989 WL 106684, at *3 (N.D. Ill. Sept. 14, 1989) ("[T]he law is settled that joint obligors are not indispensable parties within the meaning of Rule 19(b)."); *Sniezek v. Cords*, No. 87 C 1766, 1987 WL 15768, at *1 (N.D. Ill. Aug. 12, 1987) ("[F]ederal courts have not treated joint obligors as indispensable parties."); *Freeman v. Liu*, 112 F.R.D. 35, 41 (N.D. Ill. 1986) ("Potential indemnitors have never been considered indispensable parties or even parties whose joinder is required if feasible . . . . The same situation as to indispensability and joinder applies to joint tortfeasors subject to a possible right of contribution . . . . Similarly, joint obligors to a contract are generally not considered indispensable, since their liability is usually joint and several."); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1613 (3d ed. 1998 & Supp. 2007) ("Joint obligors . . . typically are treated as Rule 19(a) parties, but are not deemed indispensable under Rule 19(b).") (collecting cases). In light of this settled principle, the Court concludes that the Solutia Plan's motion for reconsideration, as well as the motions to dismiss under Rule 12(b)(7) brought by the Solutia Plan and the Monsanto Defendants, are due to be denied.

To conclude, the Solutia Plan's motion to dismiss for failure to join a necessary and indispensable party (Doc. 145), the Solutia Plan's motion to dismiss for failure to exhaust administrative remedies (Doc. 147), the Monsanto Defendants' motion to dismiss for failure to join a party needed for just adjudication (Doc. 149), and the Solutia Plan's motion to reconsider (Doc. 155) are **DENIED**.

**IT IS SO ORDERED.**
**DATED: August 29, 2007**

                 **s/ J. Phil Gilbert**
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**