## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRANT M. WALKER, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| THE MONSANTO COMPANY PENSION PLAN and ) | |
| THE MONSANTO COMPANY, ) | Case No. 03:04-cv-436-JPG-PMF |
| ) | |
| Defendants. ) | |
| _____ ) | |
| GLYNN DAVIS, *et al.*, ) | Judge J. Phil Gilbert |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SOLUTIA INC. EMPLOYEES' PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| FRED DONALDSON, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PHARMACIA CASH BALANCE PENSION PLAN, ) | |
| PHARMACIA CORPORATION, PHARMACIA & ) | |
| UPJOHN COMPANY, PFIZER INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT REPORTS
### AND REQUEST FOR EXPEDITED BRIEFING

Defendants Monsanto Company Pension Plan, Monsanto Company, Pharmacia Cash Balance Pension Plan, Pharmacia Corporation, Pharmacia & Upjohn Company, Pfizer Inc., and the Solutia Inc. Employees' Pension Plan (collectively, "Defendants"), hereby move, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to strike two of the four expert reports recently

tendered by plaintiffs, and also request expedited briefing on this motion.  In further support of this motion, Defendants state as follows.

### Introduction

1. As the Court is aware, this is an ERISA class action in which plaintiffs allege that certain features of three cash balance plans (the "Plans") violate the age discrimination provisions of ERISA, 29 U.S.C. § 1054(b)(1)(H).  (Complaint, Counts I-III).  Plaintiffs also allege that one of the Plans fails to credit the appropriate rate of interest on late lump sum distributions.  (Complaint, Count X).

2. The basis for this motion is that the two expert reports at issue both consist of legal opinions, which are not proper topics of expert testimony, as more fully explained below.  This Court will ultimately decide whether the Plans are violative of ERISA.  Indeed, the Seventh Circuit has very recently noted that legal arguments presented as expert reports should not be the subjects of "'experts' depositions and extensive debates in discovery."  *RLJCS Enterprises, Inc. v. Professional Benefit Trust*, 487 F.3d 494, 498 (7th Cir. 2007) (internal quotes in original).  Defendants thus also request that the Court strike the opinions now, prior to any expensive expert discovery.  In order to permit this Court to rule on this motion before the expiration of relevant deadlines for deposing experts and submitting Defendants' responsive expert reports, Defendants request that the Court expedite the briefing of this motion so that plaintiffs' response brief is due in seven days, and Defendants' reply is due two business days later.

### Legal Standard

3. It is well-settled that expert reports consisting of improper legal opinions should be stricken.  *See, e.g., Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (affirming decision to strike expert reports because "the proffered testimony

was largely on purely legal matters and made up solely of legal conclusions … that will determine the outcome of the case"); *Bammerlin v. Navistar International Transportation Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) (holding that it was "a serious mistake" not to strike expert reports that opined on the meaning of federal regulations).

4. Indeed, in prior ERISA class actions involving cash balance plans, this Court has made clear that it is improper to offer the sort of expert reports that plaintiffs seek to offer here. *See Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500, 2007 WL 2608875, *14 n.3 (S.D. Ill. Sept. 6, 2007) (Herndon, J.) (disregarding expert reports – including one from one of plaintiffs' experts in this case – "[t]o the extent this evidence consists of expert opinion testimony on questions of law, e.g., the legal meaning of ERISA and its implementing regulations[.]" (citing, *inter alia*, *RLJCS Enters., Inc.*, 487 F.3d at 498)).

5. The Seventh Circuit has also made clear that parties should not even be required to engage in the discovery process with respect to experts who are expressing only legal opinions. In *RLJCS Enterprises, Inc.*, the Seventh Circuit affirmed a district court's decision to strike certain expert reports, and noted that "[l]egal arguments are costly enough without being the subjects of 'experts' depositions and extensive debates in discovery;" if the persons who offer such opinions have specialized legal knowledge that is relevant to the case and "would assist the judge," those persons "can help counsel write the briefs and present oral argument." 487 F.3d at 498. The clear import of the Seventh Circuit's holding is that expert opinions on legal topics should be stricken at the earliest opportunity, before the parties have been forced to engage in needless (and costly) discovery relating to the improper reports.

**The Reports at Issue**

6.     On January 15, 2008, in accordance with the scheduling order in the case, plaintiffs served four expert reports upon Defendants.  Three of the expert reports purport to address liability issues; the other report addresses both liability issues and damages.

7.     The two expert reports that Defendants seek to have stricken are the reports from Marcia Wagner, Esq. and Dennis Blair, Esq.  Copies of each of these expert reports are attached as Exhibits 1 and 2, respectively.  These reports are discussed briefly below.

**Analysis**

8.     Plaintiffs have tendered two expert reports that are *verbatim* the same, aside from their respective qualifications, billing rates and resumes.  The reports are authored by two lawyers, Marcia Wagner and Dennis Blair, both of whom are affiliated with a Boston law firm called The Wagner Law Group.  According to their reports, the Wagner Law group is "a nationally recognized ERISA boutique law firm with thirteen lawyers."   (Wagner, at 2; Blair, at 1).  The only documents they claim to have considered in preparing their reports are the three Plan documents and summary plan descriptions, various statutes, regulations and cases, as well as an administrative record from one of the plaintiffs' benefit appeals. (Wagner, at 2; Blair, at 1-2).  Each report concludes with a section that argues that the "Plan Does not Comply with ERISA." (Wagner, at 15; Blair, at 15).

These reports consist solely of legal analysis pertaining to the ultimate legal issues in this case.  In fact, most of the Wagner and Blair reports are spent discussing various statutes and regulations, and then applying their interpretation of those legal authorities to the Plan provisions at issue.  For example, a full ten pages of Ms. Wagner's 15-page report read like a legal brief.  In these pages, the report contains detailed discussions of the relevant provisions of ERISA

(Wagner, pp. 5-7), some of the applicable Treasury and IRS regulations (Wagner, pp. 7-12), three appellate court opinions that interpreted the age discrimination provisions of ERISA, including an opinion from the Seventh Circuit (Wagner, pp. 12-14), and the Pension Protection Act of 2006 (Wagner, p. 14-15).  At the conclusion of each report, there is a section entitled "The Plan Does Not Comply With ERISA."  (Wagner, p. 15; Blair, p. 15).  In this section, each report concludes that "[i]n light of the foregoing authorities requiring that cash balance plans be tested for age discrimination as if they were defined contribution plans," that "[t]he Plan here clearly fails that test."

These reports – authored by two practicing lawyers – consist entirely of opinions on legal issues.  Under governing law, these reports should be stricken as improper subjects of expert opinion.

### Request for Expedited Briefing

9. The current schedule in this case provides that Defendants are required to depose plaintiffs' experts by February 19, and to tender Defendants' expert reports by March 11.  (Doc. No. 268, ¶¶ 1(b) and (c)).  Under Local Rule 7.1(g), briefing on this motion would not be complete until approximately February 12, just one week before the deadline to depose plaintiffs' experts.  Absent expedited briefing, Defendants almost surely would have to proceed with preparation for, and potentially take, the depositions of the two experts whose reports are the subject of this motion.  To avoid this needless expense, Defendants ask the Court to expedite the briefing on the motion so that plaintiffs' response brief is due 7 days from today and Defendants' reply brief, if any, is due two days thereafter.  Under that schedule, briefing on this motion should be complete by the end of January.

10. Plaintiffs would not be prejudiced by the expedited treatment of this motion for the following reasons. First, on January 18, 2008, even before filing this motion, Defendants' counsel notified Matt Armstrong, one of plaintiffs' counsel, of Defendants' intention to file this motion (and the basis for the motion), so that Plaintiffs had ample warning of this filing. Second, if this motion is granted, both Defendants and plaintiffs would be able to save the cost of travel and attorney time (as well as experts' fees) involved with traveling to and presenting the two witnesses for deposition. Third, this motion is only six pages long and cites only a handful of cases, so one of the several plaintiffs' attorneys should be able to respond within the proposed one-week period.

**Conclusion**

11. Accordingly, for the reasons stated above, the expert reports of Marcia Wagner, Esq. and Dennis Blair, Esq. should be stricken.[1]

12. Defendants also request that the Court order that the briefing of this motion occur on an expedited basis, rather than on the schedule for motions set forth in Local Rule 7.1(g). As explained below, absent expedited consideration of this motion, Defendants may be forced to proceed with two unnecessary depositions in Boston of the two purported experts.

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court (1) enter an order expediting briefing of this motion, and (2) after consideration of the motion, enter an order striking the expert reports of Ms. Wagner and Mr. Blair in their entirety.

---

[1] Plaintiffs have also tendered two other expert reports, one from Claude Poulin and one from James Turpin, and both of those expert reports also contain legal opinions. In fact, all but three paragraphs of Mr. Poulin's expert report consists of legal opinions. However, Defendants do not seek to strike those two reports at this time. Defendants are evaluating how to respond to those two experts' reports, and may file a subsequent motion(s) to strike.

DATED:  January 22, 2008                    Respectfully submitted,

                                            SIDLEY AUSTIN LLP

                                            By:  s/Chris K. Meyer

                                            Anne E. Rea
                                            Mark B. Blocker
                                            Chris K. Meyer
                                            One South Dearborn Street
                                            Chicago, IL 60603
                                            Tel:  (312) 853-7000

                                            *Attorneys for Pharmacia Cash Balance Pension Plan, Pharmacia Corporation, Pharmacia & Upjohn Company, and Pfizer Inc.*


                                            By:  s/Carol Connor Cohen (with consent)

                                            Carol Connor Cohen
                                            Caroline Turner English
                                            Gretchen Dixon
                                            ARENT FOX PLLC
                                            1050 Connecticut Avenue, NW
                                            Washington, DC  20036-5339
                                            Tel. (202) 857-6000
                                            Fax (202) 857-6395

                                            *Attorneys for Monsanto Company Pension Plan and Monsanto Company*


                                            By:  s/Neal F. Perryman (with consent)

                                            Robert J. Golterman
                                            Neal F. Perryman
                                            Thomas P. Berra, Jr.
                                            LEWIS, RICE & FINGERSH, L.C.
                                            500 N. Broadway, Suite 2000
                                            St. Louis, MO 63102-2147
                                            Tel. (314) 444-7600
                                            Fax (314) 241-6056

                                            *Attorneys for Solutia Inc. Employees' Pension Plan*

7

## CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2008, I electronically filed the Defendants' Motion to Strike Plaintiffs' Expert Reports And Request For Expedited Briefing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | | |
|---|---|---|
| Carol Connor Cohen<br>cohen.carol@arentfox.com | Thomas P. Berra, Jr.<br>tberra@lewisrice.com | Matthew H. Armstrong<br>marmstrong@uselaws.com |
| Caroline T. English<br>english.caroline@arentfox.com | Robert J. Golterman<br>rgolterman@lewisrice.com | Norman E. Siegel<br>siegel@sshwlaw.com |
| Gretchen Dixon<br>dixon.gretchen@arentfox.com | Neal F. Perryman<br>nperryman@lewisrice.com | Jerome J. Schlichter<br>jschlichter@uselaws.com |
| Michael J. Nester<br>mnester@ilmoattorneys.com | Michael B. Marker<br>mmarker@rexcarr.com | Eric L. Dirks<br>dirks@sshwlaw.com |

and I hereby certify that on January 22, 2008, a copy of the foregoing was served via first class mail postage prepaid to the following parties:

Todd M. McGuire
Patrick J. Stueve
Stueve Siegel Hanson LLP
330 West 47th Street, Suite 250
Kansas City, MO 64112

            By: s/Chris K. Meyer

CH1 4131095v.1